UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RANDY ROBERTS, on behalf of himself
and all others similarly situated,

        Plaintiff,

v.

MARS PETCARE US, INC.,

        Defendant.

Case No. _____

CLASS ACTION

## NOTICE OF REMOVAL

Defendant Mars Petcare US, Inc., by its undersigned counsel, hereby removes the above-captioned matter from the Chancery Court for Knox County, Tennessee, to the United States District Court for the Eastern District of Tennessee, Knoxville Division, pursuant to the Class Action Fairness Act of 2005 ("CAFA") and in accordance with 28 U.S.C. §§ 1446 and 1453. In support of removal, Defendant respectfully states:

## THE REMOVED CASE

1. On or about January 11, 2017, Plaintiff Randy Roberts ("Plaintiff") filed a putative class action complaint in the Chancery Court for Knox County, Tennessee ("the State Court"), entitled *Randy Roberts v. Mars Petcare US, Inc.*, Case No. 192935-1 ("Complaint").

2. Defendant Mars Petcare US, Inc. ("Defendant") was served with a copy of the Summons and Complaint on or about January 12, 2017.

3. As required by 28 U.S.C. § 1446(a), attached as Exhibit A are copies of all process and pleadings filed in the State Court. No orders have been filed in the State Court.

1

## REMOVAL IS TIMELY

4. This Notice of Removal is being filed within 30 days of when Defendant was served with a copy of the Summons and Complaint, and is thus timely pursuant to 28 U.S.C. § 1446(b).

## VENUE

5. The State Court is located within the Eastern District of Tennessee, Knoxville Division. Venue is thus proper in this Court because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); 28 U.S.C. § 123(a).

## NOTICE TO THE STATE COURT AND ADVERSE PARTY

6. A copy of the written notice as required by 28 U.S.C. § 1446(d) is being filed in the State Court and will be served on Plaintiff. *See* Exhibit B.

## THIS COURT HAS JURISDICTION UNDER CAFA

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d) because, as described below, this is a civil action where (a) members of the putative class of plaintiffs are citizens of a different State from a defendant; (b) the number of members of all proposed plaintiff classes in the aggregate is not less than 100; and (c) the amount in controversy exceeds $5,000,000. 28 U.S.C. §§ 1332(d)(2)(A), (d)(5)(B), (d)(6).

### Minimal Diversity Pursuant to 28 U.S.C. § 1332(d)(2)(A) Is Satisfied

8. The Complaint states that Plaintiff is a resident of Knox County, Tennessee, and that Plaintiff "seeks to represent a statewide Class," defined as "all persons in the State of Tennessee who purchased Prescription Pet Food manufactured" by Mars Petcare US, Inc. Complaint ¶¶ 1, 15, 83.

9. Defendant is, and has been at all relevant times, a company incorporated under the laws of Delaware, with its principal place of business in Tennessee. *Id.* ¶ 16. For purposes of determining jurisdiction under 28 U.S.C. § 1332(c)(1), Defendant is a citizen of Delaware and Tennessee.

10. As such, the parties are minimally diverse: Plaintiff is a resident of Tennessee (while it is unclear whether other members of the putative class are citizens of Tennessee), while Defendant is a citizen of Delaware and Tennessee. *See Fuller v. Home Depot Servs., LLC*, 2007 WL 2345257, *3 (N.D. Ga. Aug. 14, 2007); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 577 n.6 (2004).

11. An independent basis for minimal diversity arises from the citizenship of the entity whose product Plaintiff alleges that he purchased, Royal Canin USA, Inc. ("Royal Canin"). Complaint ¶ 15 ("Mr. Roberts purchased Royal Canin"). Royal Canin is incorporated under the laws of Delaware, and maintains its principal place of business in Missouri. As the manufacturer of the only product Plaintiff allegedly purchased, Royal Canin claims a legally protected interest in this litigation that requires its joinder as a defendant under Federal Rule of Civil Procedure 19. Royal Canin's citizenship thus creates an additional basis for minimal diversity. *See McNeill v. Travelers Ins. Co.*, 2008 WL 5248518, *4–*5 (W.D. Tenn. Dec. 16, 2008); *Meyer v. Kalanick*, 2016 WL 3509496 (S.D.N.Y. June 20, 2016).

**There Are At Least One Hundred Members of the Proposed Class**

12. "Based on the nature of the trade and commerce involved," Plaintiff "believes that the Class numbers at least in the hundreds or thousands." Complaint ¶ 85.

### The Amount in Controversy Exceeds $5,000,000

13. Plaintiff seeks compensatory damages under the Tennessee Trade Practices Act and restitution under the doctrine of unjust enrichment. The Complaint states that "[t]otal sales of Prescription Pet Food in Tennessee were in the millions of dollars." Complaint ¶ 108. Moreover, the Complaint alleges that more than $24 billion is spent each year on the "[m]anufacturing, producing, marketing, advertising, distributing, and selling [of] pet food" in the United States. *Id.* ¶ 28. Taken together, these allegations indicate that it is more likely than not that the amount in controversy exceeds $5,000,000.

### AN EXCEPTION TO CAFA JURISDICTION DOES NOT APPLY

14. CAFA contains two exceptions to federal jurisdiction, commonly known as the local-controversy and home-state exceptions. 28 U.S.C. § 1332(d)(4)(A), (d)(4)(B). Plaintiff "bears the burden of establishing each element of the[se] exception[s] by a preponderance of the evidence." *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 388 (6th Cir. 2016). Plaintiff cannot carry his burden for either exception.

15. In order for the local-controversy exception to apply, there must be "no other class action . . . filed [in the past three years] asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A).

16. However, on December 7, 2016, six plaintiffs filed a putative nationwide class action complaint in the U.S. District Court for the Northern District of California against Mars Petcare US, Inc., in addition to Nestle Purina Petcare Company; Hill's Pet Nutrition, Inc.; PetSmart, Inc.; Banfield Pet Hospitals; and BluePearl Vet LLC. *See Moore v. Mars Petcare US, Inc.*, 16-CV-07001-MMC (N.D. Cal.) ("*Moore*"). The allegations of the Complaint in the instant

case are a nearly verbatim copy of the allegations in the *Moore* complaint. Because both *Moore* and the instant case involve similar factual allegations, and because the putative nationwide class in *Moore* subsumes the Tennessee class alleged in the instant case, the local-controversy exception does not apply.

17. The home-state exception applies only where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). The home-state exception is inapplicable here for at least two separate and independent reasons.

18. First, as noted above, the instant action contains similar factual allegations as the *Moore* case, and the putative nationwide class in *Moore* subsumes the putative Tennessee class here. Accordingly, this is not a case where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate" are citizens of Tennessee; instead, the proposed plaintiff classes include citizens from all fifty states. *See Moore*, ECF No. 1 ¶¶ 83–96.

19. Moreover, as described above, Plaintiff here claims only to have purchased pet food manufactured by Royal Canin, not by Mars Petcare US, Inc. Royal Canin, however, is not a citizen of Tennessee, the State in which the instant action was originally filed; rather, Royal Canin is a citizen of Missouri and Delaware, thus precluding application of the home-state exception. *See, e.g.*, *Vodenichar v. Halcon Energy Properties*, 733 F.3d 497, 504 (3d Cir. 2013).

WHEREFORE, Defendant prays that the above-entitled action now pending in the Chancery Court for Knox County, Tennessee be removed to the United States District Court for the Eastern District of Tennessee.

Dated:  February 9, 2017	Respectfully submitted,

/s/ R. Dale Grimes
R. Dale Grimes (BPR No. 006223)
Russell E. Stair (BPR No. 023033)
BASS, BERRY & SIMS PLC
150 Third Avenue South, Suite 2800
Nashville, TN 37201
Telephone:  (865) 521-6200
Facsimile: (865) 521-6234
E-mail: dgrimes@bassberry.com
E-mail: rstair@bassberry.com

John E. Schmidtlein
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone:  (202) 434-5000
Facsimile:  (202) 434-5029
E-mail:  jschmidtlein@wc.com
*Pro Hac Vice Application Forthcoming*

6

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing has been served by mailing a copy of same to:

Gordon Ball
GORDON BALL PLLC
550 Main Street, Ste. 600
Knoxville, TN 37902
Telephone: (865) 525-7028
Facsimile: (865) 525-4679
E-mail: gball@gordonball.com

Charles Barrett
NEAL & HARWELL, PLC
1201 Demonbreun, Ste. 1000
Nashville, TN 37203
Telephone: (615) 238-3647
Facsimile: (615) 293-7375
E-mail: cbarrett@nealharwell.com

Lance K. Baker
THE BAKER LAW FIRM
550 Main Street, Suite 600
Knoxville, TN 37902
Telephone: (865) 525-7028
Facsimile: (865) 525-4679
E-mail: lkbakerlaw@gmail.com

                                                  /s/ R. Dale Grimes